United States District Court
Southern District of Texas
**ENTERED**
June 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FRANCISCO OMAR GARCIA, JR., § § § Plaintiff, § VS. § STATE AUTO INSURANCE COMPANIES, § § § Defendant. § | CIVIL ACTION NO. 7:23-cv-98 |

## OPINION AND ORDER

The Court now considers "Plaintiff's Opposed Motion to Remand"[1] and "Defendant's Opposition to Plaintiff's Motion to Remand."[2] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This suit arises out of an insurance dispute between Francisco Omar Garcia, Jr. ("Plaintiff") and State Auto Insurance Companies ("Defendant"). Plaintiff purchased policy number 10039545CA from Defendant which insured Plaintiff and his 2019 Ford Ranger. Plaintiff alleges that he was involved in an accident with an at-fault party Edward Vargas and that Vargas was underinsured.[3] Plaintiff seeks damages under the underinsured motorist provision in the policy.[4]

Plaintiff commenced this suit on November 7, 2022 when he filed his petition[5] in Hidalgo County Court of Law No. 9 against Defendant and Vargas.[6] Defendant filed its answer[7] in state

---

[1] Dkt. No. 10.
[2] Dkt. No. 13.
[3] Dkt. No. 1-1 at 3, ¶ V.
[4] *Id.*
[5] Dkt. No. 1-1.
[6] *Id.* at 1, ¶ I.
[7] Dkt. No. 1-3.

court on December 1, 2022. Vargas filed his answer[8] in state court on December 7, 2022. Plaintiff contacted Defendant on January 12, 2023 in order to request permission to settle with Vargas, and Defendant agreed.[9] Plaintiff then filed a "Notice of Non-Suit with Prejudice"[10] in state court on March 23, 2023 with an attached settlement that had been reached with Vargas signed on February 21, 2023.

With Vargas, a Texas resident, dismissed from the suit, Defendant filed a notice of removal[11] to this Court on March 24, 2023. Plaintiff asserts Defendant should have ascertained the removability of the suit on January 12, 2023 from Plaintiff's correspondence and that Defendant's notice of removal to this Court was not timely.[12] Plaintiff also asserts that Defendant's notice of removal was procedurally insufficient.[13] Plaintiff filed his "Opposed Motion to Remand"[14] on April 21, 2023 and Defendant has timely responded.[15] The Court now turns to the analysis of the motion to remand.

## II. MOTION TO REMAND

### a. Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[16] District courts have limited jurisdiction and the authority to remove a suit from state court to federal court is solely conferred by the Constitution or by statute.[17] "The removing party bears the

---

[8] Dkt. No. 13-1 at 36.
[9] Dkt. No. 10 at 3.
[10] Dkt. No. 1-2.
[11] Dkt. No. 1.
[12] Dkt. No. 10 at 3.
[13] *Id.* at 5.
[14] Dkt. No 10.
[15] Dkt. No. 13.
[16] Gonzalez v. Guilbot, 255 F. App'x 770, 771 (5th Cir. 2007) (citing Coury v. Prot, 85 F.3d 244, 248 (5th Cir.1996)); see 28 U.S.C. § 1447(c).
[17] Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

burden of showing that federal jurisdiction exists and that removal was proper."[18] Where the removing party claims diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity; that each defendant is a citizen of a different state from each plaintiff.[19] Further, the removing party must demonstrate that the amount in controversy exceeds $75,000.[20]

Courts presume that cases lie outside of their narrow jurisdiction, so "the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[21] Importantly, "removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court."[22] Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[23] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[24]

"If the case stated by the initial pleading is not [initially] removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[25] The "other paper" must "result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which

---

[18] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[19] Corfield v. Dall. Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).
[20] Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).
[21] Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).
[22] Tebon v. Travelers Ins. Co., 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) & Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).
[23] Lorenz v. Tex. Workforce Comm'n, 211 F. App'x 242, 245 (5th Cir. 2006) (citing Guillory v. PPG Indus., 434 F.3d 303, 308 (5th Cir. 2005)); see also Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'" (alteration in original) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999))).
[24] Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); B., Inc. v. Miller Brewing Co., 663 F.2d 545, 548–49 (5th Cir. 1981)
[25] 28 U.S.C.S. § 1446.

now support federal jurisdiction."[26] Furthermore, the information supporting removal in that 'other paper' must be unequivocally clear and certain.[27]

The procedure for removal of civil actions is outlined in 28 U.S. Code § 1446[28] and holds that:

> "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, **together with a copy of all process, pleadings, and orders served upon such defendant or defendants** in such action."[29]

In the Southern District of Texas this is supplemented by Local Rule 81[30] which states that:

> "Notices for removal shall have attached only the following documents: 1. All executed process in the case; 2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings; 3. All orders signed by the state judge; 4. The docket sheet; 5. An index of matters being filed; and 6. A list of all counsel of record, including addresses, telephone numbers and parties represented."[31]

**b. Analysis**

In its "Notice of Removal of Defendant,"[32] Defendant states that Plaintiff's "Notice of Non-Suit with Prejudice"[33] filed on March 23, 2023 established complete diversity between Plaintiff and Defendant.[34] The Court agrees that upon the non-suit against Vargas, complete diversity exists between Plaintiff and Defendant. Additionally Plaintiff's petition seeks "an amount

---

[26] Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).
[27] Par. of Plaquemines v. Chevron USA, Inc., 7 F.4th 362, 368 (5th Cir. 2021)
[28] 28 U.S.C.S. § 1446.
[29] *Id.* (emphasis added).
[30] S.D. Tex. L.R. 81.
[31] *Id.*
[32] Dkt. No. 1.
[33] Dkt. No. 1-2.
[34] Dkt. No. 1 at 2, ¶ 3.

of over $200,00.00 but less than 1,000,000.00."[35] The Court agrees that the amount in controversy exceeds $75,000.

But Plaintiff's motion to remand[36] "seeks an Order of Remand for two reasons. First, State Auto [allegedly] did not timely remove this lawsuit. Second, State Auto ignored [a] myriad [of] procedural requirements for removal."[37] The Court will address each of these in turn in consideration of the Defendant's response to each of Plaintiff's allegations.

1. *Timeliness of Defendant's Removal*

Plaintiff asserts that Defendant's removal was not timely because "[Defendant] may have first ascertained this case was removable on January 12, 2023."[38] "Defendant received 'other paper' on January 12, 2023 at 2:59 pm when Plaintiff requested State Auto's permission to settle his claim against [Vargas]."[39] Plaintiff states that this request served as a "voluntary act of Plaintiff identifying settlement with the local Defendant, Vargas,"[40] and that his voluntary act was embraced by Defendant when it "(1) permitted settlement [and] (2) affirmatively waived its right to prosecute its subrogation claims against Defendant, Vargas."[41] According to Plaintiff, Defendant was required to file its notice of removal within 30 days from January 12, 2023 as that was when Defendant received "other paper" from which it could ascertain removability.[42] As Defendant did not file notice of removal until March 24, 2023, Plaintiff contends that Defendant waived its right to remove and the case should be remanded.[43]

---

[35] Dkt. No. 1 at 2, ¶ 3.
[36] Dkt. No. 10.
[37] Dkt. No. 10 at 2, ¶ 2.
[38] *Id.* ¶ 4.
[39] *Id.*
[40] *Id.* at 3, ¶ 4.
[41] *Id.* ¶ 5.
[42] *Id.* at 4, ¶ 5.
[43] Dkt. No. 10 at 4, ¶ 5.

Defendant counters that "removability based on a nondiverse party's settlement is determined when the agreement is in writing, signed, and filed."[44] The Court agrees. "Under Texas Rule of Civil Procedure 11, a settlement agreement will be enforceable only if it is (1) in writing, (2) signed, and (3) filed as part of the record."[45] Plaintiff's request to settle with Vargas and Defendant's consent to this settlement does not constitute an agreement between Plaintiff and Vargas that could be enforced. Defendant did not have sufficient information to ascertain that Vargas was a non-party simply through the January correspondence with Plaintiff. Defendant's consent to Plaintiff's settlement with Vargas does not equate to Defendant's affirmative knowledge that an enforceable agreement had been reached between Plaintiff and Vargas. "Other paper" that supports removal "must be unequivocally clear and certain."[46] Defendant did not receive a copy of the agreement between Plaintiff and Vargas until February 28, 2023[47] and Plaintiff did not file his "Notice of Nonsuit"[48] until March 3, 2023, so Defendant's notice of removal filed on March 24 was timely.

2. *Procedural Concerns with Notice of Removal*

Plaintiff requests "Defendant's Notice of Removal be struck and this matter be remanded given Defendant's myriad non-compliance with 28 U.S.C. § 1446, Local Rule 81, and Local Rule 11.3A."[49] Plaintiff states that Defendant violated 28 U.S.C. § 1446 which requires that when a notice of removal is filed it shall contain, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."[50] Plaintiff states that Defendant did not meet this requirement as "[t]here was no proof of service upon either Defendant in State Court. There were

---

[44] Dkt. No. 13 at 3, ¶ 4.
[45] Est. of Martineau v. ARCO Chem. Co., 203 F.3d 904, 910 (5th Cir. 2000).
[46] Par. of Plaquemines v. Chevron USA, Inc., 7 F.4th 362, 368 (5th Cir. 2021)
[47] Dkt. No. 13 at 3, ¶ 6.
[48] Dkt. No. 1-2.
[49] Dkt. No. 10 at 7, ¶ 9.
[50] 28 U.S.C.S. § 1446.

no Orders. Not all pleadings were provided."[51] The Court agrees that Defendant was not compliant and Defendant does not dispute these deficiencies. Plaintiff states that Defendant violated Local Rule 81 as it pertains to the inclusion of (2) pleadings asserting causes of action,[52] (3) all orders signed by the state judge,[53] (5) an index of the matters being filed,[54] and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented.[55] Again, the Court agrees and the Defendant does not dispute these deficiencies. Plaintiff also states that Defendant has not met pleading requirements outlined in accordance with Local Rule 11.3A[56] as "Defendant did not include any designation of 'attorney-in-charge'" and "Defendant did not include a Southern District of Texas bar number."[57] Local Rule 11.3A sets out required information and states "under the signature shall appear: (1) attorney's individual name, (2) designation "attorney-in-charge," (3) State bar number, (4) Southern District of Texas bar number, (5) office address including zip code, and (6) telephone and facsimile numbers with area codes."[58] Defendant did not comply with these Rules, and Plaintiff requests sanctions in accordance with Local Rule 11.4 which would give the Court discretion to strike the motion to remand.[59]

Despite all that, Defendant argues that "Plaintiff's allegations of technical non-compliance does not destroy jurisdiction."[60] The Court agrees with Defendant's assessment that "[n]one of the alleged deficiencies raised in Plaintiff's Motion to Remand attack jurisdiction of this Court and support a remand to state court."[61] Defendant has failed to comply with the attachment of necessary

---

[51] Dkt. No. 10 at 5, ¶ 7.
[52] *Id.* at 6, ¶ 9.
[53] *Id.*
[54] *Id.* at 7, ¶ 9.
[55] *Id.*
[56] S.D. Tex. L.R. 11.3A.
[57] Dkt. No. 10 at 7, ¶ 10.
[58] S.D. Tex. L.R. 11.3A.
[59] S.D. Tex. L.R. 11.4.
[60] Dkt. No. 13 at 4, ¶ B.
[61] Dkt. No. 13 at 4, ¶ 9.

documents within their "Notice of Removal"[62] as it pertained to both 28 U.S.C. § 1446 and Local Rule 81. Defendant has also failed to comply with signature requirements established in Local Rule 11.3A. Plaintiff has rightly indicated that the documents attached to Defendant's initial Notice of Removal were insufficient. Nevertheless, "[i]rregularities or defects in the removal procedure . . . ordinarily do not provide grounds for remand. They may be cured by amendment in the federal court."[63] The Court finds that amendment will cause no prejudice to Plaintiff as Plaintiff already had access to the necessary documents through proceedings in state court. This issue can be "cured by amendment"[64] and Defendants have attached an "Amended Notice of Removal"[65] in accordance with 28 U.S.C. § 1446, Local Rule 81, and the standards in Local Rule 11.3A.

### III. Conclusion and Holding

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** Defendant's motion for leave to amend.[66] The Court **ORDERS** the Clerk of the Court to docket Exhibit A[67] to "Defendant's Opposition to Plaintiff's Motion to Remand"[68] as an independent entry on this Court's docket titled "Amended Notice of Removal of Defendant" which shall be considered filed on the date on which it is docketed.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of June 2023.

_____
Micaela Alvarez
United States District Judge

---

[62] Dkt. No. 1.
[63] In re Allstate Ins. Co., 8 F.3d 219, 221 n.4 (5th Cir. 1993).
[64] *Id.*
[65] Dkt. No. 13-1.
[66] Dkt. No. 13.
[67] *Id.*
[68] Dkt. No. 13.